UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LENNOX STEWART,

                Plaintiff,

      -against-

CITY OF NEW YORK;
SANDRA SALLUSTIO, MD;
JACOB ISSERMAN, MD,

                Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION

DECISION AND ORDER

14-CV-5720 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 29, 2014, *pro se* Plaintiff Lennox Stewart, currently incarcerated at Attica Correctional Facility, filed this 42 U.S.C. § 1983 action against Defendants City of New York, Dr. Sandra Sallustio, and Dr. Jacob Isserman. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, for the reasons set forth below, the Complaint is dismissed.

## FACTUAL BACKGROUND

Plaintiff alleges that on or about July 23, 2013, he slipped and fell "in a large puddle of water" "while housed in Housing Unit 5 Main on Rikers Island." Dkt. 1 ("Compl.") at 4. Plaintiff further alleges that Dr. Sallustio and Dr. Isserman, both employed at Elmhurst Hospital, failed to order an MRI exam of Plaintiff's back and thus committed negligence and medical malpractice. *Id.* Plaintiff also alleges that he received physical therapy for eight weeks, but that he "continues to endure undue physical pain" and damage to his back, and has not received an MRI exam. *Id.* Plaintiff seeks $10 million in damages. *Id.* at 5.

## LEGAL STANDARD

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions.'" *Id.*

The Court must screen and dismiss a civil complaint brought by a prisoner against a governmental entity or its agents if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court shall dismiss the action if it determines that it is "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.

2

1993). Thus, to maintain an action under 42 U.S.C. § 1983, Plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

A. <u>Doctors Sallustio and Isserman</u>

Plaintiff names Dr. Sallustio and Dr. Isserman and alleges that they failed to order an MRI exam of his back as part of his medical treatment. As a preliminary matter, these doctors may be found to be acting under color state law. *See Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.") (internal quotation marks omitted). "[C]ourts have found state action when private parties perform such sovereign functions as medical care for prison inmates," *Grogran v. Blooming Grove Volunteer Ambulance Corps*, -- F.3d --, 2014 WL 4799397, at *4 (2d Cir. Sept. 29, 2014) (citing *West v. Atkins*, 487 U.S. 42, 54-57 (1988)). Assuming for the purpose of this Order that these doctors provided medical care to Plaintiff while he was incarcerated, Plaintiff appears to satisfy the first prong of a § 1983 claim.

Nonetheless, Plaintiff fails to demonstrate that he was deprived of a constitutional or federal right. It is well-settled that Plaintiff is not entitled to the medical treatment of his choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (disagreement with the type of medical care provided is insufficient to state a constitutional claim); *Chance v. Armstrong*, 143

F.3d 698, 703 (2d Cir. 1998) ("[M[]ere disagreement over the proper treatment does not create a constitutional claim"). "[N]egligence, even it if constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703. Further, deliberate indifference "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent." *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Plaintiff's allegation that he was denied an MRI examination does not rise to the level of a constitutional violation, because he fails to show that these Defendants were deliberately indifferent to a serious medical condition. *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). Therefore, the Complaint is dismissed as to Doctors Sallustio and Isserman for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

B. City of New York and Office of the Comptroller

To sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, Plaintiff must demonstrate the existence of an officially adopted policy or custom that caused injury, as well as a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (Sweet, J.) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard[.]"). Here, Plaintiff fails to make any specific allegations concerning the City of New York, much less allege facts suggesting that his constitutional rights were violated as a result of a municipal policy or custom.

5

Thus, the Complaint as to the City of New York is dismissed pursuant to 28 U.S.C. § 1915A(b).

To the extent Plaintiff seeks to sue the Office of the Comptroller, *see* Compl. at 3, ¶ III B, that claim also fails. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments [and agencies], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); *see, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Bloch v. Comptroller*, 11-CV-469, 2011 WL 607118, at *1 n.2 (E.D.N.Y. Feb. 9, 2011) (dismissing all claims against the Comptroller as a non-suable entity) (Mauskopf, J.). Therefore, the Complaint as to the Office of the Comptroller is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

//S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 9, 2014
Brooklyn, New York

6